IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN R. BROWN,
   *Plaintiff*,

v.

HYDROCHEM LLC, *et al.*,
   *Defendants.*

Civil Action No. ELH-21-2992

**MEMORANDUM**

On November 22, 2021, the self-represented plaintiff, Brian R. Brown, filed suit against Hydrochem LLC ("Hydrochem), his former employer, and William Schultz and Tammi Miller, two Hydrochem employees.  ECF 1 (the "Complaint").  Brown alleges discrimination on the basis of race, color, sex, and age in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.  *Id*. at 7, 9.  The Complaint is accompanied by two exhibits.  ECF 1-2; ECF 1-3.

Plaintiff also moved to proceed in forma pauperis (ECF 2), which the Court granted by Order of November 30, 2021.  ECF 3.  Although plaintiff included summons forms with his Complaint (*see* ECF 1-4), he did not include U.S. Marshal service of process forms.  Therefore, the Court's Order of November 30, 2021, granted plaintiff 21 days to submit service of process forms to the Clerk.  ECF 3.  Thereafter, plaintiff submitted the requisite forms, and the Clerk issued summons for the three defendants on December 6, 2021.  ECF 4.

On December 27, 2021, proof of service was returned as to Hydrochem.  ECF 5.  The proof of service reflected that service was sent by the U.S. Marshal on December 8, 2021, and was returned with a signature on December 23, 2021.  *Id*.  Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Hydrochem was required to answer or otherwise respond to the Complaint within 21 days of

December 23, 2021, *i.e.*, by January 13, 2022. However, there is no indication from the docket that service has ever been effectuated for the two individual defendants, Schultz and Miller.

On January 13, 2022, Hydrochem filed a timely motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF 12. The motion is supported by a memorandum. ECF 12-1. Plaintiff opposes the motion (ECF 14), supported by one exhibit. ECF 14-1. Hydrochem has not yet replied.

However, on January 11, 2022, prior to Hydrochem's motion, plaintiff filed three motions for "entry of default judgment." ECF 7; ECF 8; ECF 9 (collectively, the "Motions"). They are labelled on the docket as motions for default judgment against Hydrochem (ECF 7), Schultz (ECF 8), and Miller (ECF 9). However, the text of each motion is identical, and each seeks an "entry of default judgment" against "HYDROCHEM LLC, et al." ECF 7 at 1; ECF 8 at 1; ECF 9 at 1. Each motion cites Fed. R. Civ. P. 55(a), but offers no argument.

Fed. R. Civ. P. 55 governs entry of default and default judgment. Fed. R. Civ. P. 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(b)(1) authorizes the entry of default judgment by the Clerk when a plaintiff's claim is for "a sum certain or a sum that can be made certain by computation . . . against a defendant who has been defaulted for not appearing." But, "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

As an initial matter, the Motions cite Fed. R. Civ. P. 55(a), which relates to entry of default by the Clerk, but they request entry of "default *judgment*." (Emphasis added.) To the extent the Motions seek default judgment and not merely entry of default, they are procedurally improper, because a party must first seek an entry of default before moving for default judgment.

Beyond this, neither default nor default judgment is appropriate in this case. I construe plaintiff's three Motions seeking "entry of default judgment" against "HYDROCHEM LLC, et al." as seeking such entry against each of the three defendants. A "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). But, Hydrochem has not been unresponsive. To the contrary, by the response deadline of January 13, 2022, it moved to dismiss the suit. *See* ECF 12.

For their part, as noted, neither Schultz nor Miller appears to have been served in this case. *See* Docket. And, a defendant only becomes required to respond to a Complaint after having been served. Prior to service, there is no personal jurisdiction over a defendant. *See* Fed. R. Civ. P. 12(a)(1)(A)(i); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." ).

Therefore, there are no grounds for entry of default against any defendant in this case, and I will deny the Motions.

An Order follows.

Date: February 7, 2021

                     /s/
                  Ellen Lipton Hollander
                  United States District Judge