IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN R. BROWN,
   *Plaintiff*,

v.                                                    Civil Action No. ELH-21-2992

HYDROCHEM LLC, *et al*.
   *Defendants*.

**MEMORANDUM**

On November 22, 2021, the self-represented plaintiff, Brian R. Brown, filed suit against defendants Hydrochem LLC ("Hydrochem"), his former employer, as well as Tammi Miller and William Schultz. ECF 1 (the "Complaint"). Plaintiff, a Black man, asserts that defendants discriminated against him on the basis of his race, color, sex, and age, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), as well as the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"). *See id.* at 7, 9. The Complaint is supported by two exhibits. *See* ECF 1-2; ECF 1-3.

On December 27, 2021, summons was returned executed, reflecting that service was effected on Hydrochem four days earlier. ECF 5. However, plaintiff never demonstrated that he effected service on Miller or Schultz. To the contrary, summons were returned unexecuted as to Schultz on February 11, 2022 (ECF 17), and as to Miller on March 14, 2022. ECF 21.

Several matters are pending in this suit. On January 13, 2022, Hydrochem timely moved to dismiss the Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). ECF 12. It is supported by a memorandum of law. ECF 12-1 (collectively, the "Motion to Dismiss"). Brown opposes the Motion to Dismiss (ECF 14), accompanied by an exhibit. ECF 14-1. And, Hydrochem has replied. ECF 18.

Further, on February 22, 2022, Brown filed two motions. First, plaintiff sought leave of Court to file a surreply in opposition to the Motion to Dismiss. ECF 19 (the "Surreply Motion"). A proposed Surreply is attached to the motion. *See* ECF 19-2.

Brown also moved to amend his Complaint. ECF 20 (the "Motion to Amend"). In the Motion to Amend, plaintiff requests the opportunity to "correct" the portion of the Complaint that pertains to his ADEA claim, his Title VII claim, to the extent it is predicated on his color and sex, and the aspect of his Title VII claim that relates to the termination of his employment with Hydrochem. ECF 20 at 1. In addition, Brown seeks leave "to remove William Schultz and Tammi Miller" as defendants. *Id.* at 1-2. And, plaintiff aims to amend his suit to "add as many facts as possible"; "change pro se Plaintiff's phone number"; and "to fix the name and address of the Defendant Hydrochem." *Id.* at 2.

In support of the Motion to Amend, plaintiff submitted a proposed Amended Complaint. ECF 20-2.[1] Consistent with the Motion to Amend, the proposed Amended Complaint names only Hydrochem as a defendant. *Id.* at 1, 2. Further, the proposed Amended Complaint indicates that plaintiff has abandoned his ADEA claim. *Id.* at 4.

---

[1] Local Rule 103.6(c) requires that a "party filing an amended pleading shall file and serve (1) a clean copy of the amended pleading and (2) a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type."

Plaintiff did not submit a red-lined version of the proposed amended complaint. Nonetheless, the Court has been able to discern the proposed amendments. Moreover, failure to comply strictly with Local Rule 103.6 is not fatal to the Motion to Amend, especially in light of Brown's self-represented status. *See Milligan v. Brady*, RWT–10–2107, 2011 WL 1833346, at *1 n.1 (D. Md. May 13, 2011) ("As a *pro se* litigant, [the plaintiff's] failure to comply with Local Rule 103.6 is not fatal to her request for leave to amend, and the Court concludes that her filing contains sufficient information to consider her request without additional briefing.").

Notably, however, the proposed Amended Complaint does not expressly state a claim under Title VII. *See id.* But, in the section of the proposed Amended Complaint titled "Statement of Claim," Brown indicates that he was subject to discriminatory conduct based on his race. *See id.* at 4-5. And, in light of plaintiff's pro se status, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, I shall construe the proposed Amended Complaint as asserting a Title VII claim for race discrimination.

Hydrochem has not responded to the Motion to Amend, and the time to do so has expired. *See* Local Rule 105.2(a). Moreover, because Miller and Schultz have yet to be served with notice of plaintiff's suit, they have not responded to the Motion to Amend.

A pleading may be amended "once as a matter of course" within twenty-one days after serving it or "21 days after service of a responsive pleading or 21 days after service of a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Here, the Motion to Dismiss was filed on January 13, 2022. *See* ECF 12. The Motion to Amend was filed forty days later, on February 22, 2022. ECF 20. Therefore, plaintiff may not amend his suit pursuant to Rule 15(a)(1).

Nonetheless, under Fed. R. Civ. P. 15(a)(2), "[a] court should freely give leave to amend when justice so requires." "[L]eave should be granted absent some reason 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment.'" *Booth v. Maryland*, 337 F. App'x 301, 312 (4th Cir. 2009) (per curiam) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In light of the liberal amendment standard, there is no apparent basis to deny the Motion to Amend. Undue delay does not apply in this case. There is no basis to conclude that the proposed Amended Complaint is futile or the result of bad faith on the part of Brown. And, granting the Motion to Amend would not be prejudicial to the interests of Hydrochem. To the contrary, it clarifies the issues and eliminates certain parties.

Therefore, I shall grant the Motion to Amend. Consequently, Miller and Schultz shall be dismissed from the suit.

In view of the ruling granting the Motion to Amend, the Motion to Dismiss and the Surreply Motion are now moot. This is because an amended pleading replaces and supersedes the original pleading, to which both motions were directed. *See*, *e.g.*, *Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021); *Young v.City of Mt. Ranier*, 238 F.3d 567, 573 (4th Cir. 2001).

Accordingly, I shall deny the Motion to Dismiss, without prejudice to Hydrochem's right to renew the arguments contained therein. And, I shall deny the Surreply Motion.

An Order follows.

Date: March 25, 2022                                /s/
                                                    Ellen L. Hollander
                                                    United States District Judge