UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

BRIAN R. BROWN

    *Plaintiff,*

    v.

HYDROCHEM LLC, *et al.,*

    *Defendants.*

Civil No. 1:21-CV-02992

**MEMORANDUM OPINION**

This matter comes before the court on Defendant Hydrochem LLC's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint. (ECF 25; the "Motion.") The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2021).

Plaintiff filed this action against Defendants for race-based employment discrimination and retaliation under Title VII. 42 U.S.C. §§ 2000e *et seq.* (ECF 24.) Defendant Hydrochem seeks dismissal of the complaint (as against Hydrochem) for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth herein, the Motion will be denied by accompanying order.

**BACKGROUND**

Plaintiff Brown, an African American man, is a former employee of Defendant Hydrochem. Plaintiff alleges that upon being told he was to be suspended for three days from his job on or about November 26, 2019, Plaintiff complained to his human resources personnel; approximately three days later, he filed an administrative charge of discrimination. The administrative complaint alleges his suspension was motivated by race discrimination. In October

2021, the Equal Employment Opportunity Commission issued a Notice of Right to Sue Letter. This action followed.

In his Amended Complaint, Plaintiff complains that his 2019 suspension was racially motivated. Specifically, Plaintiff alleges that, in accordance with Hydrochem policy, he brought a work-related safety concern to his supervisor's (Defendant Tammi Miller) attention; that at the end of the work day, Defendant Miller advised Plaintiff he was suspended for three days on grounds of "insubordination," and that when he complained to human resources that he felt his suspension was race-based, he was told not to "play that card." Plaintiff also alleges that following his return to work from his suspension (after he complained to human resources and after he filed an administrative charge of discrimination), he was given fewer work hours and worksite opportunities than in the past; and that two Caucasian employees with serious behavior infractions were (based on his observation) treated more favorably in the form of higher hourly pay rates.

**THE MOTION**

Hydrochem asserts (i) Plaintiff has failed to plead facts necessary to state claims for employment discrimination and retaliation, and (ii) Plaintiff may not pursue his retaliation claim because he did not pursue such a claim at the administrative level. Hydrochem asserts generally that Plaintiff has alleged facts "too tenuous to state a claim for relief." Further, Hydrochem argues that fatal to Plaintiff's Amended Complaint is his failure to allege that his suspension was unpaid, because suspension with pay is not a legally significant adverse action for purposes of unlawful retaliation under Title VII. Hydrochem also argues that the Amended Complaint should be dismissed because Plaintiff "did not allege or identify anyone in his Amended Complaint that was not suspended for committing the same or worse acts." Specifically, Hydrochem argues that Plaintiff may not rely on his allegation that Hydrochem pays Caucasian employees more than

similarly situated African American employees because he failed to include that factual allegation in his administrative charge with the EEOC.

**ANALYSIS**

Before a plaintiff may sue under Title VII, he is required first to file an administrative charge of discrimination. 42 U.S.C § 2000e-5(f)(1). The scope of a complainant's entitlement to sue is limited to the "parties identified and practices complained of in the charge of discrimination." *Jones v. Calvert Grp. Ltd.*, 551 F.3d 297 (4th Cir. 2009); *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954 (4th Cir.1996). This requirement serves two important purposes: notice to the charged party and an opportunity for the charged party to comply voluntarily with the law without resort to litigation.

In practice, however, the scope holdings of *Jones* and *Evans* are not to be applied with dogmatic loyalty to the literal. An administrative charge is not construed narrowly; rather, it is considered a "jurisdictional springboard to investigate whether the employer has engaged in any discriminatory practices," which may include conduct not listed in the administrative charge. *Equal Employment Op. Com'n v. General Elec. Co*, 532 F.2d 359, 364 (4th Cir. 197) (quoting *Equal Employment Op. Com'n v. Huttig Sash & Door Co.*, 511 F.2d 453, 455 (5th Cir. 1975)).

> If the EEOC uncovers during that investigation facts which support a charge of another discrimination than that in the filed charge, it is neither obliged to cast a blind eye over such discrimination nor to sever those facts and the discrimination so shown from the investigation in process and file a Commissioner's charge thereon, thereby beginning again a repetitive investigation of the same facts already developed in the ongoing investigation. To cast a blanket over such facts in the ongoing proceedings would be a violation of the EEOC's statutory obligation in the area of employment discrimination. To require a new charge based on those facts and to begin again the administrative process thereon, would result in an inexcusable waste of valuable administrative resources and an intolerable delay in the enforcement of rights which require a "timely and effective remedy."

532 F. 2d at 365.

The Supreme Court cautions this court that "it is not appropriate to require a plaintiff to plead facts establishing a prima facie case" of employment discrimination because where a plaintiff proceeds on a direct evidence basis, "he may prevail without proving all the elements of a prima facie case . . . . Moreover, the precise requirements of a prima facie case can vary depending on the context and were never intended to be rigid, mechanized, or ritualistic." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511-12 (2002).

To state a claim of retaliation, a plaintiff must plead that "(1) he engaged in a protected activity, such as filing a complaint with the EEOC; (2) that [the employer] acted adversely against him; and (3) the protected activity was causally connected to the adverse action" *Okoli v. City of Balt.*, 648 F.3d 216, 223 (4th Cir. 2011). Plaintiff alleges that he engaged in protected activity when he complained to human resources and later with the EEOC that his suspension was racially motivated. Plaintiff alleges that he suffered adverse employment action in the form of reduced work hours and earning opportunity following and in response to these protected acts. These allegations are sufficient to state a claim for retaliation. *Id.*

The court disagrees with Hydrochem that Plaintiff has failed to state a claim for race-based discrimination and retaliation. While not a model of pleading clarity, the Amended Complaint alleges that Plaintiff was suspended because his supervisor was motivated by racial animus (and, in essence, that "insubordination" is a false pretext); that similarly (or less well) situated employees outside of Plaintiff's protected class were treated more favorably; and that after he complained to human resources and filed an administrative charge, he was treated adversely in the form of reduced earning opportunities. Hydrochem's argument that Plaintiff may not rely on allegations regarding pay disparity appears to conflate pursuit of a claim not included with the underlying administrative charge (which is generally disallowed) with factual allegations that tend to bolster

the claim Plaintiff pursued at the administrative level. The court is comfortable that this allegation is the latter.

Finally, while Hydrochem is presumably correct that Plaintiff did not file an administrative charge of retaliation,[1] he was not required to do so. A plaintiff may "raise for the first time in federal court the claim that [his] employer retaliated against [him] for filing with the EEOC in violation of Title VII" *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 416-17 (4th Cir. 2014) (citing *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992)); *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 304 (4th Cir. 2009).

The court is satisfied that Plaintiff has stated adequate claims of employment discrimination and retaliation in violation of Title VII.

**CONCLUSION**

For the reasons set forth herein, the Motion will be **DENIED.**

_____/s/_____
Julie R. Rubin
United States District Judge

---

[1] The administrative charge does not appear to have been made part of the court record.